# IN THE SUPREME COURT OF PENNSYLVANIA
## EASTERN DISTRICT

IN RE: THE PETITION OF C.Z., A.O., AND   :   No. 24 EM 2020
Z.S.-W., ON BEHALF OF ALL SIMILARLY   :
SITUATED INDIVIDUALS,   :
  :
              Petitioners   :
  :

## ORDER

**PER CURIAM**

    **AND NOW,** this 7th day of April, 2020, the "Application for Extraordinary Relief under the Court's King's Bench Jurisdiction," asking this Court to direct the reduction of the number of youth in detention, correctional, and other residential facilities under the jurisdiction of the juvenile and criminal courts across the Commonwealth by ordering, *inter alia*, that juveniles entering the juvenile system not be placed into detention and that juveniles in detention be reviewed for release, with certain presumptive categories of juveniles being immediately released, in order to prevent the spread of COVID-19 in facilities housing juveniles is **DENIED**. Nevertheless, pursuant to Pennsylvania Rule of Judicial Administration 1952(A) and this Court's constitutionally conferred general supervisory and administrative authority over all courts and magisterial district judges, *see* PA. CONST. art V, § 10(a), this Court explains and DIRECTS as follows:

    The potential outbreak of COVID-19 in facilities housing juveniles in detention poses an undeniable threat to the health of juvenile detainees, facility staff and their families, and the surrounding community. Accordingly, action to mitigate the potential of a public health crisis is appropriate. We acknowledge that in many judicial districts, judges, district attorneys, the defense bar, juvenile probation officers, and other relevant

stakeholders are currently engaged in a concerted proactive effort to reduce transmission of the disease in juvenile facilities and surrounding communities through careful, individualized, reduction of institutional populations and other preventative measures. In light of Petitioners' allegations that not all judicial districts have so responded, there remains the potential of unnecessary overcrowding in these facilities which should be addressed for the health and welfare of correctional staffs, juvenile residents, medical professionals, as well as the general public.

We emphasize, however, that the immediate release of juveniles detained in various facilities, as sought by Petitioners, fails to take into account the individual circumstances of each juvenile, including any danger to them or to others, as well as the diversity of situations present within individual institutions and communities. Nevertheless, we recognize that the public health authorities, including the Centers for Disease Control and Prevention and the Pennsylvania Department of Health, continue to issue guidance on best practices for institutions where individuals are detained specifically and congregate settings generally to employ preventative measures, including social distancing to control the spread of the disease. Moreover, we acknowledge the statewide efforts of the Juvenile Court Judges' Commission to eliminate the threat of COVID-19 within Pennsylvania's juvenile residential placements.

Accordingly, we DIRECT President Judges, or their designees, to engage with all relevant county stakeholders to review immediately the current capabilities of residential placements within their counties where judges have placed juveniles to address the spread of COVID-19. President Judges should also consult with relevant county stakeholders to identify juveniles and/or classes of juveniles for potential release from placement to reduce the current and future populations of the institutions during this public health crisis with careful regard for the individual circumstances of juveniles in placement

2

as well as their safety and the public's safety with awareness of any statutory rights of victims. Moreover, consistent with these considerations, judges are to undertake efforts to limit the introduction of new juveniles into the juvenile detention system during the COVID-19 pandemic.

Finally, we observe that Petitioners express confusion regarding whether county courts can review existing detention and placement orders pursuant to our Statewide Emergency Order dated March 18, 2020, generally closing Pennsylvania courts to the public as to non-essential functions. As set forth in our March 18, 2020, Statewide Emergency Order, we reiterate that essential court functions include: juvenile delinquency detention; juvenile emergency shelter and detention hearings; and emergency petitions for child custody or pursuant to any provision of the Juvenile Act, 42 Pa.C.S. §§ 6301 - 6375.

Finally, Petitioners' "Application for Relief to File Reply Brief in Support of Petitioners' Application for Extraordinary Relief Under the Court's King's Bench Jurisdiction" is **GRANTED**.

Justice Dougherty did not participate in the consideration or decision of this matter.